**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK DINGMAN, | No.   18-17284 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02167-JZB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding

Submitted November 23, 2020**

Before:     GOODWIN, SCHROEDER, and SILVERMAN, Circuit Judges.

Patrick Dingman appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Dingman's application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Molina v.*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific, clear, and convincing reasons to discount Dingman's symptom testimony. *See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (standard for rejecting claimant's testimony about the severity of symptoms). The ALJ properly discounted Dingman's testimony as inconsistent with his daily activities and because the evidence showed his symptoms improved with treatment. *See id.* at 639 (ALJ may discount claimant's testimony if the claimant's daily activities contradict the testimony); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability insurance] benefits"). Any error in the ALJ's additional reasons for discounting Dingman's symptom testimony was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless where it is "inconsequential to the ultimate nondisability determination" (citation and internal quotation marks omitted)).

The ALJ provided specific and legitimate reasons for assigning little weight to the controverted opinion of treating physician Dr. Anderson. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (standard for rejecting the controverted opinion of a treating physician). The ALJ properly found Dr. Anderson's opinion inconsistent with the medical evidence of record,

2

including records indicating that Dingman was cleared to return to work, and Dingman's significant activities of daily living, including evidence that he was the primary care provider for his young son. *See id.* ("an ALJ may discredit treating physicians' opinions that are . . . unsupported by the record as a whole, or by objective medical findings" (citation omitted)); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (inconsistency between medical opinion and reported daily activities was a specific and legitimate reason to reject opinion). While the ALJ may have erred in failing to expressly address Dr. Anderson's August 2014 and October 2016 opinions, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."), any error was harmless in light of the ALJ's other specific and legitimate reasons for discounting Dr. Anderson's similar assessments. *See Molina*, 674 F.3d at 1115.

Substantial evidence supports the ALJ's decision to credit the opinions of the state agency medical consultants. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (contrary opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record).

**AFFIRMED**.

3